*PARKER SCHWARTZ, PLLC*
7310 NORTH 16TH STREET, SUITE 330
PHOENIX, ARIZONA 85020
PH: (602) 282-0477
FAX: (602) 282-0478
E-MAIL: LHIRSCH@PSAZLAW.COM

LAWRENCE D. HIRSCH (#004982)
ATTORNEYS FOR DEBTOR

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: | IN PROCEEDINGS UNDER CHAPTER 11 |
| REGENCY PARK CAPITAL 2011, INC. dba SUPER 8 GOODYEAR, | CASE NO. 2:15-BK-15280 PS |
| DEBTOR. | DEBTOR'S PLAN OF REORGANIZATION |

**TABLE OF CONTENTS**

ARTICLE I.   Definitions................................................................................................2

ARTICLE II.  Designation of Classes of Claims and Interests...................................4

    A. Classes of Claims and Interests..........................................................4

    1. Class 1: Creditors Holding Administrative Claims........................4

    2. Class 2 - 6: Creditors Holding Claims..............................................5

        a. Class 2: Chase Auto Finance (Secured) ......................................5

        b. Class 3: Farmer's Group Credit Union (Secured) ....................6

        c. Class 4: Executory Contracts........................................................6

        d. Class 5: General Unsecured Creditors.......................................6

| | | |
|---|---|---|
| | e. Class 6: Equity Interests | 6 |
| ARTICLE III. | Provisions Respecting the Unimpaired Classes of Claims | 7 |
| | 1. Class 1: Administrative Expenses | 7 |
| | 2. Class 6: Equity Interests | 7 |
| ARTICLE IV. | Provisions Respecting the Impaired Classes of Claims | 7 |
| | 1. Class 2: Creditors Holding Claims | 7 |
| | a. Class 2: Chase Auto Finance (Secured) | 7 |
| | b. Class 3: Farmer's Group Credit Union (Secured) | 8 |
| | c. Class 5: General Unsecured Creditors | 8 |
| ARTICLE V. | Source of Payments | 8 |
| ARTICLE VI. | Provisions for Execution of the Plan Which May Affect, Alter or Modify the Rights of All Classes and Claimants | 9 |
| ARTICLE VII. | Disputed Claims; Objections to Claims; Avoiding Actions | 12 |
| ARTICLE VIII. | Means for Execution of Plan | 13 |
| ARTICLE IX. | Modification of Plan Prior to the Order of Confirmation | 13 |
| ARTICLE X. | Retention of Jurisdiction | 14 |

The above named Debtor, Regency Park Capital 2011, Inc., proposes the following Plan of Reorganization with creditors pursuant to 11 U.S.C. Section 1121(a).

## ARTICLE I

### **DEFINITIONS**

A. "Allowed Claim" shall mean: a) a Claim which has been scheduled by the Debtor pursuant to 11 U.S.C. §521(1), other than a Claim scheduled as disputed, contingent or unliquidated; b) a Claim which has been filed pursuant to 11 U.S.C. §501(a) and as to which no objection to the allowance thereof has been interposed within any applicable time limitation fixed by the Bankruptcy Code or by an order of the Bankruptcy Court, or

to which an objection has been determined in whole or in part by a Final Order of the Bankruptcy Court; and c) a Claim which has been granted pursuant to a Final Order of the Bankruptcy Court.  Unless otherwise specified, "Allowed Claim" shall not include interest on the principal amount of such Claim from and after the Petition Date.

B. "Bankruptcy Code" means the United States Bankruptcy Code as set forth in Title 11, United States Code (11 U.S.C. Section 101 et. seq.), and as would be effective to a case filed on February 14, 1995.

C. "Bankruptcy Court" means the United States Bankruptcy Court for the District of Arizona.

D. "Debtor" means Regency Park Capital 2011, Inc. which is the Debtor-In-Possession in these Chapter 11 proceedings.

E. "Effective Date" of Plan means 60 days following the day on which an order of the Bankruptcy Court confirming the Plan is entered, provided that no stay of the order is then in effect (whether or not an appeal from the order has been taken).

F. "Plan Distribution Date" means 60 days after the effective date, unless extended by the Bankruptcy Court.

G. "Order of Confirmation" means the order of the Bankruptcy Court confirming the Plan pursuant to Section 1129 of the Bankruptcy Code.

H. "Plan" means this Plan of Reorganization and all modifications and amendments which may subsequently be made, either by Debtor or by order of the Court, pursuant to Section 1127 of the Bankruptcy Code.

I. "Regency Park Capital 2011, Inc." means the Debtor in these Chapter 11 proceedings.

J. All other terms not specifically defined above shall have those meanings ascribed by the Bankruptcy Code.

# ARTICLE II

## DESIGNATION OF CLASSES OF CLAIMS AND INTERESTS

Holders of all claims, as defined in 11 U.S.C. Section 101(4) against Debtor of whatever nature, whether or not scheduled, liquidated or unliquidated, absolute or contingent, including all claims arising from the rejection of executory contracts, shall be bound by the provisions of this Plan and are hereby classified below:

**A.     Classes of Claims and Interests**

The Plan divides the creditors into 6 classes.  The classes under the Plan are described below:

**1.     Class 1:  Creditors Holding Administrative Claims**

The Debtor has employed Parker Schwartz. PLLC ("Parker Schwartz") as General Counsel for the Debtor-in-Possession. Parker Schwartz received an advance deposit of $15,000.00 from the Debtor, of which approximately $4,000 was used to provide pre-Petition services.  To the extent that funds are available to pay administrative expenses, Counsel shall be paid from the estate.  The first Application for Payment of Fees has been filed and Counsel will set off against the retainer when the Application is approved.  The Cash Collateral budget approved by the Court provides for a $7,000 monthly "carve out" for post-Petition fees and counsel currently holds an additional $14,000 in its trust account, which will also be applied to the approved fees. Additional fees are due and owing and Debtor and Counsel shall work out a plan for the payment of those fees and the payment of fees to be incurred, based upon the allowances contained in the Cash Collateral budget.  Counsel shall be paid only after fees are approved by the Court after Notice and Hearing. Debtor has retained the services of Law & Reed, CPAs P.C. ("Law & Reed") to serve as accountants for the Estate.  Its employment

has been approved. The Court has determined that fees can only be paid to Law & Reed after a duly noticed fee application has been filed. No such application has been filed to date. The Cash Collateral Budget provides a monthly "allowance" of $500 to cover accounting fees and costs. Debtor has recently filed an Application to Employ EideBailly LLP to perform the Auditing services previously described. No Application for compensation has been filed. The Cash Collateral Agreement provides for a $20,000 budget to cover the costs of the Audit. Debtor may apply to this Court to appoint additional professionals to be paid as Administrative Claims as it deems necessary. Debtor has paid post-petition taxes to the extent any have become due. Debtor does not believe that it is indebted to the Office of the United States Trustee for any post-petition quarterly fee obligations. To the extent that such fees are unpaid, they shall be paid no later than the Effective Date of the Order Confirming Debtor's Chapter 11 Plan of Reorganization

Any and all Fees due for outside professionals shall be paid in full by Debtor, either upon the Effective Date of Confirmation of the Plan or pursuant to an agreement reached between the Debtor and the Claimant or upon an Order approving the fees, if funds are present. Debtor shall remain current in required filings of monthly operating reports and post-Confirmation reports as well as payment of quarterly fees until the case is closed. Payment of allowed Administrative Expenses shall be made from the cash flow of Debtor's business operations and/or contributions from the individual stockholders. Debtor shall promptly pay all fees due the Office of the United States Trustee.

2. **Class 2-3 Secured Claims**

Class 2: **Chase Auto Finance**: Chase Auto Finance (Chase) is owed approximately $6,583.98 for a loan on a 2007 350R Mercedes. The car is worth approximately $12,000. Chase shall be paid in full on its secured claim. Payments to Chase shall be paid over a

48 month period with interest at a rate of 4.5% per annum. Monthly payments to Chase shall be in the amount of $150.13. Chase is impaired.

Class 3: Farmers' Group Credit Union: Farmers' Group Credit Union, through its servicer Extensia Financial (collectively, "Extensia") has a valid, allowed claim of approximately $2,177,000 (the precise amount of which will be finalized as of the Effective Date of the Plan) secured by a lien on Debtor's real and personal property located at 840 N. Dysart Road, Goodyear, Arizona. Debtor is currently making adequate payments to Extensia pursuant to the Cash Collateral Order, and intends to continue to make those payments through the Effective Date. Pursuant to the Plan and subject to all other terms and conditions under the promissory note, deed of trust, and related documents, which otherwise remain unchanged by this Plan, Debtor will pay to Extensia (or its successors and assigns) (a) monthly payments in the amount of $21,804.46 each consisting of principal and interest amortized over 36 months, due and payable on the first day of each month for a period of 36 months commencing on the first day of the first month after the Effective Date, and (b) one payment equal to all obligations then due and owing to Extensia (or its successors and assigns) on the first day of the 37th month after the Effective date. Extensia is impaired.

3.  **Class 4**: **Executory Contracts**:

Debtor is lessee on a lease with APS for a lighting contract on the motel that is designed to save energy. Debtor is current on its obligations to APS. Debtor will assume the lease.

Debtor is the franchisee on an Executory Contract with Super 8 for the operations of the motel as a Super 8 Motel. Debtor is current on its obligations to Super 8 and assumes the lease.

4. **Class 5: General Unsecured Creditors**: All other persons and entities that have extended credit or provided services or merchandise or have lent money to Debtor and all other parties whose claim are unsecured. Payment shall be made in full each of the General Unsecured Creditors, pursuant to allowed Claims, after Administrative Claims have been paid. Payments will be made once all payments of Administrative Claims have been paid in full, but in no event more than 48 months after the Plan Distribution Date. The Class 5 claims are impaired. Class 5 Claims which are allowed shall be paid interest at the "federal rate" until paid in full. In the alternative, each claimant in Class 5 may elect to be paid 75% of its allowed claim in cash within 6 months following Confirmation of the Plan as a full and complete payment of its allowed claim.

5. **Class 6: Equity Interests:** Class 6 consists of all holders of Equity Interests in the Debtor (Ranjit and Sarah Singh). Holders of Class 6 Equity Interests are unimpaired under the Plan. The equity holders shall retain their interest in the Corporation.

## ARTICLE III

### PROVISIONS RESPECTING THE UNIMPAIRED CLASSES OF CLAIMS

**Class 1: Administrative Expenses:** The holders of claims for unpaid Administrative Expenses incurred by the Debtor during the course of this Chapter 11 Case (including the actual and necessary expenses for preserving the estate, such as unpaid attorney's fees) estimated in the aggregate to be approximately $75,000, will be paid in full commencing either the Effective Date of the Plan or upon the allowance of the claim by the Bankruptcy Court, whichever is later, or at such other time as is mutually agreeable to the Claimant and the Debtor. Claims for post-petition taxes shall be paid in the ordinary course when due with interest accruing at the statutory rate if not timely

7

paid. Unpaid Quarterly Fees due the Office of the United States Trustee shall be paid immediately when due.

**Class 6: Equity Interests:** Class 6 consists of all holders of Equity Interests in the Debtor. Holders of Class 6 Equity Interests are unimpaired under the Plan. The class 6 members are Mr. Ranjit Singh and Mrs. Sarah Singh and they shall retain their interest in the Corporation.

### ARTICLE IV

### PROVISIONS RESPECTING THE IMPAIRED CLASSES OF CLAIMS

**2. Creditors Holding Secured Claims.**

**Class 2: Chase Auto Finance:** Chase Auto Finance (Chase) is owed approximately $6,583.98 for a loan on a 2007 350R Mercedes. The car is worth approximately $12,000. Chase shall be paid in full on its secured claim. Payments to Chase shall be paid over a 48 month period with interest at a rate of 4.5% per annum. Monthly payments to Chase shall be in the amount of $150.13. Chase is impaired.

**Class 3: Farmers' Group Credit Union: Farmers' Group Credit Union**, through its servicer Extensia Financial (collectively, "Extensia") has a valid, allowed claim of approximately $2,177,000 (the precise amount of which will be finalized as of the Effective Date of the Plan) secured by a lien on Debtor's real and personal property located at 840 N. Dysart Road, Goodyear, Arizona. Debtor is currently making adequate payments to Extensia pursuant to the Cash Collateral Order. Pursuant to the Plan and subject to all other terms and conditions under the promissory note, deed of trust, and related documents, which otherwise remain unchanged by this Plan, Debtor will pay to Extensia (or its successors and assigns) (a) monthly payments in the amount of $21,804.46 each consisting of principal and interest amortized over 36 months, due and payable on the first day of each month for a period of 36 months commencing on the first

day of the first month after the Effective Date, and (b) one payment equal to all obligations then due and owing to Extensia (or its successors and assigns) on the first day of the 37th month after the Effective date. Extensia is impaired.

**3. Class 5: General Unsecured Creditors:** All other persons and entities that have extended credit or provided services or merchandise or have lent money to Debtor and all other parties whose claim are unsecured. Payment shall be made in full each of the General Unsecured Creditors, pursuant to allowed Claims, after Administrative Claims have been paid. Payments will be made once all payments of Administrative Claims have been paid in full, but in no event more than 48 months after the Plan Distribution Date. The Class 5 claims are impaired. Class 5 Claims which are allowed shall be paid interest at the "federal rate" until paid in full. In the alternative, each claimant in Class 5 may elect to be paid 75% of its allowed claim in cash within 6 months following Confirmation of the Plan as a full and complete payment of its allowed claim.

**ARTICLE V**

**SOURCE OF PAYMENTS**

The source of payment to claimants who are entitled to receive payments shall be the net proceeds from the operation of Debtor's business. Net proceeds shall equal:

1) Gross Proceeds from hotel operations, less

2) Applicable costs associated with operators of the business, less

3) Payment for administrative expenses and post-confirmation expenses due to professional persons such as attorneys, accountants and appraisers.

Debtor shall make payments to General Unsecured Creditors after completion of payments for Administrative Expenses. If funds are available, Debtor will make payments to Class 5 simultaneously with these other payments discussed above.

Payments will be based upon available funds and General Unsecured Creditors will be paid their pro rata share of the total amount of Allowed General Unsecured Claims until all allowed claims have been paid in full. Debtor anticipates that payments to Class 5 Creditors will be completed within 48 months of the Plan Distribution Date.

## ARTICLE VI

## **PROVISIONS FOR EXECUTION OF THE PLAN WHICH MAY AFFECT, ALTER, OR MODIFY THE RIGHTS OF ALL CLASSES AND CLAIMANTS**

A. As of the Plan Distribution Date, Debtor shall comply with its obligation to file post-confirmation quarterly reports and pay any required post-confirmation fees to the United States Trustee.

B. As of the Plan Distribution Date, all of the property of the estate of Debtor shall be deemed transferred vested in Debtor, all such property shall no longer be considered property of the estate as defined in 11 U.S.C. § 541 and all such property shall be free and clear of liens, claims of interest of creditors accepted as specifically provided for in this Plan.

C. Upon confirmation, all claims and causes of action of Debtor against other entities, including rights of Debtor-In-Possession under Chapter 11 of the Bankruptcy Code to recover any preference, transfer assets, or damage, shall vest in Debtor.

D. After the Plan Distribution Date, Debtor shall continue its business and manage its affairs without supervision of the Bankruptcy Court and may enter into such agreements and transfer, convey and encumber, use and lease its assets as it deems appropriate under the circumstances without the requirement of seeking approval from the Bankruptcy Court, but nothing in this provision shall impair liens and encumbrances which a holder has retained pursuant to the express terms of this Plan. The distributions to holders of claims described in this Plan are minimum distributions only and Debtor

1 shall have the right and discretion at all times to make full and partial prepayments
2 without penalty.  When a Plan calls for a number of equal payments, the amount of the
3 payment shall be calculated assuming that payments are made on the first of the month
4 when due.  All payments to creditors under this Plan shall be applied to principal.
5 Prepayment of payments may reduce the amount of the final payment or reduce the
6 number of payments otherwise due under the Plan and late payments may increase the
7 number of payments otherwise required by the Plan.

8   E.  Upon the Plan Distribution Date, unless a stay has been entered relating to
9 the order of confirmation, the order for automatic stay described in 11 U.S.C. § 362(a)
10 shall terminate; provided, however, except as otherwise expressly specified herein, that
11 all creditors and claimants shall be enjoined from continuing with or commencing with
12 any action or proceeding against Debtor and, so long as Debtor is not in default in its plan
13 payment obligations, the Co-Debtors , without further order of the Bankruptcy Court.  All
14 distributions of money under the Plan which are returned by the post office undelivered
15 or which cannot be delivered due to lack of current address shall be retained by Debtor
16 in trust for the distributee; after the expiration of six months from the date of the first
17 attempted distribution, the unclaimed monies and all distributions will vest in Debtor,
18 free of any claim of the distributee.

19   F.  Except as expressly specified herein, no creditor or claimant, whether
20 secured, unsecured, priority or non-priority shall be entitled to any fine, penalty
21 exemplary or punitive damage, late charge, default interest or any other monetary charge
22 relating to or arising from any default deemed disallowed whether or not an objection is
23 filed thereto.  Unsecured Creditors shall not be entitled to interest on their claims,
24 whether or not provided for in any agreements, from and after the commencement of the

11

case, unless otherwise expressly provided for in this Plan and shall not be entitled to any cost, expense or attorney's fees.

G. Pursuant to 11 U.S.C. § 1141(a), notwithstanding 11 U.S.C. § 506(d) and except as provided for in 11 U.S.C. § 1141(d)(2) and (d)(3), upon confirmation of the Plan, the provisions of the Plan will bind Debtor, any entity issuing securities under the Plan, any entity acquiring property under the Plan, any creditor or equity security holder, whether or not the claim or interest of such creditor is impaired under the Plan and whether or not such creditor or equity security holder has accepted the Plan or filed a Proof of Claim.

H. All claims of a lien in any of Debtor's personal property shall be deemed released, terminated and withdrawn, unless the creditor claiming a lien has filed a timely, formal and proper Proof of Claim with the Bankruptcy Court setting forth the basis and extent of the lien.

I. Upon payment of sums provided under the Plan, all claims of any creditor of Debtor arising prior to the confirmation of the Plan against Debtor shall be wholly released and discharged, and any actions or proceedings against Debtor, including any judgment and judgment liens, shall be terminated, relinquished and released. Full payment shall also terminate the injunctive relief preventing suit against Co-Debtors described herein.

J. Debtor's obligation to make any payment under this Plan may be discharged to the extent that such payment is made by any entity that is liable with Debtor on or has secured the claim or the right to payment giving rise to Debtor's obligation. If any entity that is liable to a creditor as a result of a pre-petition claim against Debtor, voluntarily or involuntarily, makes a payment on such claim, the entity shall be subrogated to the rights of Debtor subject to the limitations of 11 U.S.C. § 509(c).

In the alternative, if the claim arises out of Debtor's failure to pay a tax out of an administrative expense claim against the estate or out of a claim which is secured by the property of the estate or of Debtor, the Debtor may but shall not be required to reimburse the entity for such payment.

## ARTICLE VII

## **DISPUTED CLAIMS; OBJECTIONS TO CLAIMS; AVOIDING ACTIONS**

Debtor, its attorneys or any party in interest may file, prior to the Plan distribution to date, (a) an objection to any claim, or (b) a motion to determine the extent, priority or amount of any secured or other claim. Copies of all objections or motions must be served at the same time upon Debtor's attorneys:

> LAWRENCE D. HIRSCH
> PARKER SCHWARTZ, PLLC
> 7310 NORTH 16TH STREET, SUITE 330
> PHOENIX, ARIZONA 85020

Debtor and its attorneys may file at any time prior, up to 2 years after the effective date, any action to recover or set aside any preference, transfer, assets or damages or to set aside any lien or encumbrance to which they may be entitled under the Bankruptcy Code. Any such objection, motion or action not filed and served within such time shall be deemed waived. If any claim, right interest, privilege or lien is objected to or has been challenged by adversary proceeding, contested matter, objection or otherwise, or if an order is entered staying the Order of Confirmation, any payments that are otherwise due to the claimant pending such objection shall be reserved in interest-bearing accounts and set aside sufficient to satisfy the claim as filed by the claimant or as scheduled by Debtor. Said accounts shall be segregated, federally insured, interest-bearing accounts not subject to set-off by the holder of the then financial institution holding the funds. No later than 30 days following the date of the entry of a final, nonappealable order resolving each

13

disputed or objectionable claim, or upon the expiration of all stays of the Order of Confirmation, the reserved payments, plus interest earned thereon, shall be distributed to the claimant or retained by Debtor, as the case may be, in accordance with the terms and conditions of the order resolving such disputed claim and this plan.

## ARTICLE VIII

## MEANS FOR EXECUTION OF PLAN

Debtor shall commence making payments to creditors entitled to payment commencing upon the Plan Distribution Date until all Allowed Claims are satisfied in accordance with the terms and conditions of Debtor's confirmed Plan of Reorganization. In the event Debtor has insufficient net proceeds in any given month to make the prescribed payment such payment shall be deferred and Debtor shall make such payment as deferred plus any additional interest incurred as a result of the deferral. Monthly payments shall continue until all creditors have been paid as contemplated under the terms and conditions of Debtor's confirmed Plan of Reorganization.

## ARTICLE IX

## MODIFICATION OF PLAN PRIOR TO THE ORDER OF CONFIRMATION

Debtor may propose amendments or modification of the Plan in accordance with 11 U.S.C., Section 1127(a). After confirmation, Debtor may amend this Plan in the manner provided for by 11 U.S.C. § 1127(b). The Bankruptcy Court may comment at any time, so long as it does not affect the interest of the creditors, remedy any defects or omissions or reconcile any inconsistencies in the Plan or in the Order of Confirmation in such manner as may be necessary to carry out the purpose and effect of this Plan, including modification of the injunctive relief barring suit against Co-Debtors described herein to prevent any adverse effect on Co-Debtor liability to creditors.

# ARTICLE X

## RETENTION OF JURISDICTION

The Court shall retain jurisdiction of this case pursuant to the provisions of Chapter 11 of the Bankruptcy Code, until the final allowance or disallowance of all claims affected by the Plan, and with respect to the following matters:

A. To adjudicate all proceedings which Debtor may bring prior to 2 years after the filing date to set aside liens or encumbrances, and to recover any preferences, transfers, assets or damages to which it may be entitled under applicable provisions of the Bankruptcy Code or other federal, state or local law;

B. To adjudicate all controversies concerning the classification, allowance or estimation of any claim or equity security interest;

C. To hear and determine all claims arising from the rejection of any executory contracts, including leases, and to approve the rejection and termination with respect to any executory contracts as to which an application for rejection or termination is filed prior to the entry of the Order of Confirmation;

D. To liquidate and determine the amount of damages in connection with any disputed, contingent or unliquidated claims;

E. To adjudicate claims to a security interest, ownership or other interest in any property of Debtor or in any proceeds thereof;

F. To resolve any disputes regarding the interpretation of the Plan;

G. To modify the Plan as may be necessary pursuant to the Bankruptcy Code;

H. To adjudicate all claims or controversies arising out of any purchases, sales, obligations or contracts, made or undertaken by Debtor or complete during the pendency of the proceedings;

I. To recover all assets and properties of Debtor, wherever located, including any excessive or erroneous payments made to creditors, or in connection with leases or contracts; and

J. To make such orders as are necessary or appropriate to carry out the provisions of this Plan, including the enforcement or modification of the injunctive relief barring suit against Co-Debtors described herein to prevent or undo any adverse effect on Co-Debtor liability to creditors

RESPECTFULLY SUBMITTED this 16th day of August , 2016.

*PARKER SCHWARTZ, PLLC*

/s/Lawrence D. Hirsch, Esq. #004982
Lawrence D. Hirsch, Esq. #004982
7310 North 16th Street, Suite 330
Phoenix, Arizona 85020
Attorney for Debtor

APPROVED AS TO FORM AND CONTENT

REGENCY PARK CAPITAL 2011, INC.

/s/ Ranjit Singh
Ranjit Singh, Equity holder

A copy of the foregoing was filed with the
U.S. Bankruptcy Court's ECF system on
this 16th day of August, 2016.

A copy of the foregoing was mailed
this 16th day of August, to:

Master Mailing List

By: /s/ Christana Eckert